UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| RODNEY DEE KYLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-584 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| PROJECT REHAB, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a former federal prisoner against a private corporation operating a halfway house under contract with the Bureau of Prisons, and two of its employees.  Apparently proceeding under a *Bivens* theory, *see Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), plaintiff asserts that defendants abridged his First Amendment right of access to the courts by refusing to allow him use of a law library during the time that plaintiff was lodged at the Project Rehab halfway house pursuant to a federal criminal conviction.  Plaintiff asks for unspecified "monetary and collateral damages" against defendants.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence.  Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).  An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*,

490 U.S. 319, 325 (1989).  An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations.  490 U.S. at 325.  A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim.  *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'"  *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).  In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying this standard, I find that plaintiff has failed to state a claim against any defendant.

### Statement of Facts

Plaintiff's scribbled *pro se* complaint is cryptic.  Because plaintiff was sentenced in this court, however, the court can take judicial notice of the numerous facts relevant to this case that plaintiff's complaint omits.

The complaint merely alleges that "around" October 5, 2011, plaintiff submitted a request to go to the library for the purpose of doing legal research, at a time when he was lodged at

the halfway house.  He asserts that defendant Nathan Proctor denied the request.  He asked again, making defendants Terry and Proctor "aware of my pending legal issues," but they again denied access to a library.  On another instance "around October," plaintiff alleges that he had a conference with Proctor and Kay Halle, but never gained access to a library.  He alleges that he needed to "do legal research on my drug case which was for cocaine base and I had a lawsuit Rodney Kyle v. Pak[ie]la that I wanted to appeal."  (Compl. at 3, docket # 1).

The rest of the story is provided by this court's records.  On October 1, 2001, plaintiff was sentenced to a prison term of 78 months, after he entered a plea of guilty to distributing crack cocaine.  *United States v. Kyle*, case no. 1:01-cr-93.  At the end of his sentence, the Bureau of Prisons designated plaintiff to the Grand Rapids Community Alternatives Program, a halfway house, for purposes of reentry into the community.  On or about December 11, 2006, plaintiff escaped from the halfway house.  The Grand Jury indicted him in *United States v. Kyle*, case no. 1:07-cr-117, charging him with escape from custody.  18 U.S.C. § 751(a).  He was simultaneously charged with violation of the conditions of supervised release in the preexisting drug case.  On October 1, 2007, the court sentenced plaintiff to a term of 6 months' imprisonment on the escape charge, to be served consecutively to a 6-month term for violating supervised release on the underlying drug felony conviction.

After serving the sentences imposed in 2007, plaintiff began a term of supervised release.  Supervision was revoked on November 12, 2008, arising from new criminal conduct.  On November 12, 2009, District Judge Robert Holmes Bell revoked supervised release again, arising from plaintiff's possession of marijuana and absconding from the halfway house, to which plaintiff had been committed for the last supervised release violation.

-3-

While plaintiff was in FCI Greenville pursuant to the court's November 12, 2009 judgment revoking his supervision, he filed a federal civil rights action against Anna Pakiela, his supervising probation officer. *Kyle v. Pakiela*, case no. 1:10-cv-324. The complaint alleged grievances against Officer Pakiela going back to 2007. After initial proceedings, Judge Robert Holmes Bell entered an order dismissing the case without prejudice for lack of prosecution, dated September 21, 2010. Judge Bell's order recited that copies of previous court orders sent to plaintiff's last known address at FCI Greenville had been returned to the court, with the notation that plaintiff had been released from custody. Because plaintiff had failed to keep the court apprised of his mailing address after being ordered to do so, the court dismissed the case without prejudice for lack of prosecution.

One year later, on September 23, 2011, plaintiff moved to reopen this case. His address was again the halfway house in Grand Rapids, where plaintiff had been lodged by the Federal Bureau of Prisons to finish the custodial sentence imposed by Judge Bell in November 2009. On September 30, 2011, Judge Bell denied the motion for reconsideration under Fed. R. Civ. P. 60(b), noting that plaintiff had not alleged any grounds under the rule for relief from judgment. Plaintiff was released from all federal custody and supervision in March 2012.

According to the complaint in the present case, shortly after Judge Bell refused to reopen the case in *Kyle v. Pakiela*, plaintiff sought and was denied access to a law library by officials of Project Rehab, which runs the halfway house where plaintiff was lodged by the Bureau of Prisons. Plaintiff's complaint asserts that he wished to do research on *Kyle v. Pakiela*, as well as his 2001 crack cocaine conviction.

-4-

<u>Discussion</u>

**1.    Deprivation of Federally Guaranteed Rights**

In *Bivens*, the Supreme Court recognized an implied right of action against federal officers for violation of constitutional rights.  The elements of a claim under a *Bivens* theory are (1) that a right secured by the federal Constitution was violated and (2) that the deprivation was committed by a federal actor.  *See Butz v. Economou*, 438 U.S. 478, 486 (1978).  Plaintiff's complaint fails to allege facts sufficient to establish either of these elements.

Plaintiff alleges only that he asked defendants Proctor and Terry for permission to use a law library, and that they refused.  These allegations, accepted as true, fail to state a claim for violation of plaintiff's federally guaranteed right of access to the courts.  A prisoner does have a limited right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817 (1977).  In the controlling case of *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that no claim for interference with this right exists unless plaintiff alleges that defendants prevented him from filing a non-frivolous legal claim challenging his conviction or seeking vindication of federally guaranteed rights. *See Lewis*, 518 U.S. at 351-54.  Further, a plaintiff must allege that he has suffered an actual injury. *Id.* at 349-54.  Thus, he must allege that a non-frivolous claim was lost or rejected, or that the presentation of such a claim is currently being prevented, because of the lack of access to a law library.  *Id.* at 354-56; *see Pilgrim v. Littlefield*, 92 F.3d 413, 415-16 (6th Cir. 1996).

Plaintiff's hastily scribbled complaint does not allege the existence of prejudice sufficient to meet the *Lewis* standard.  Plaintiff alleges only that he wanted access to a law library and was not allowed to do legal research on his drug case or his lawsuit against Officer Pakiela. Plaintiff does not identify any non-frivolous claim that he wished to raise, nor does he allege that

such a claim was lost or rejected by this temporary deprivation of access to a law library. The complaint is therefore utterly inadequate to allege an actionable claim for deprivation of access to the courts.

The facts appearing of record in the case files involving plaintiff conclusively show that plaintiff had no non-frivolous claim that could possibly have been impaired by a brief denial of access to a law library in October 2011. Plaintiff's claim that he wished to somehow challenge his 2001 crack cocaine conviction transcends the frivolous. Judgment in that case was entered on October 2, 2001, and no appeal was taken. The one-year period to challenge that conviction by a motion under 28 U.S.C. § 2255 expired in late 2002. Plaintiff could not possibly have had any non-frivolous challenge to this conviction in October of 2011.

Plaintiff has not alleged, and cannot prove, that his claim against Officer Pakiela was lost on account of the lack of access to a law library in October 2011. Plaintiff's claim against Pakiela had been dismissed without prejudice one year earlier. In September 2011, Judge Bell denied a meritless Rule 60(b) motion challenging the dismissal. But nothing done in October 2011 could possibly have prejudiced this claim, because the underlying dismissal had been without prejudice. Plaintiff was at all times able to reinstate his claim against Pakiela merely by filing a new lawsuit. He therefore cannot show prejudicial conduct by any defendant.

2.      **Federal Actor**

Second, and independently, plaintiff cannot show that either Project Rehab or its employees are federal officers for purposes of a *Bivens* suit. In *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), the Supreme Court held that there is no private right of action pursuant

to *Bivens* for damages against private entities that engage in allegedly unconstitutional conduct while acting under color of federal law.  The defendant in the *Malesko* case was a private corporation under contract with the Federal Bureau of Prisons to operate a community correctional center housing federal inmates.  Plaintiff brought an Eighth Amendment claim against the defendant under a *Bivens* theory, alleging inadequate medical care.  The court refused to extend the *Bivens* remedy to corporate defendants acting under federal contract.  *Malesko* clearly requires dismissal of all claims against Project Rehab, regardless of their underlying merit.

More recently, the Court determined whether employees of a private prison are subject to a *Bivens* action.  In *Minneci v. Pollard*, 132 S. Ct. 617 (2012), a prisoner at a private prison operating under contract with the federal government brought suit against several employees, alleging an Eighth Amendment claim.  The issue for the Court was whether to recognize an implied *Bivens* claim against individual prison employees who were not federal officers.  *Id.* at 620.  The Court found that existing state-law remedies are sufficient in this circumstance and that a federal *Bivens* action should not be implied.  *Id.* at 626.  Under the authority of *Minneci*, if plaintiff had a valid claim for deprivation of federal rights by Proctor and Terry (which he clearly does not), those individuals are not considered to be federal officers for purposes of *Bivens*.

### Recommended Disposition

For the foregoing reasons, I recommend that the complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(a).


Dated:   June 19, 2012                              /s/  Joseph G. Scoville_____
                                                               United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).